■ ROBERT L. TRUDEAU, Appellant, v. HARRY MICHELSON, Respondent.— STALEY, JR., J. Appeal from an order of County Court of Schenectady County denying plaintiff's motion for summary judgment. On June 8, 1964, plaintiff and defendant entered into a written contract which provided for certain work, labor and services to be performed by the plaintiff, a licensed architect. He agreed to prepare working drawings and specifications for the construction of a proposed motel at a total cost of $2,500, plus the cost of printing. The total balance was to become due upon submission to the defendant of 15 complete sets of drawings which condition has been met. The total cost, including printing, amounts to the sum of $2,606.20, and the defendant has paid the sum of $2,355. He has refused to pay the balance claiming that, under the agreement, the plaintiff was obliged to perform one inspection of the project each month during the course of construction, for which service he was to be paid the sum of $250, which sum was included in the total sum of $2,500. Respondent bases his defense on the fact that an unsigned draft of the agreement provided for one monthly inspection during the progress of the work, although he admits that such a provision was omitted from the final executed agreement. He further contends that he stated to the plaintiff the "understanding between them that the balance of $250 would be paid at $50 per month during the construction, and plaintiff concurred". The executed agreement involved here provides "Item B. Work not included: (c) Periodic inspection of the construction". The agreement is clear and unambiguous and there is nothing in the language of the agreement that presents a triable issue. "It has long been the rule that when a contract is clear in and of itself, circumstances extrinsic to the document may not be considered (*General Phoenix Corp.* v. *Cabot*, 300 N. Y. 87) and that where the intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law and no trial is necessary to determine the legal effect of the contract". (*Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456, 460.) Order reversed, on the law and the facts, and motion for summary judgment granted, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Staley, Jr., J.